[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-12057
Non-Argument Calendar
_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS K. KAHN
CLERK**

D. C. Docket No. 03-00560-CR-2-1

UNITED STATES OF AMERICA,

                                                                  Plaintiff-Appellee,

        versus

CARLOS VARGAS-GUTIERREZ,
a.k.a. Carlos,

                                                                  Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 29, 2005)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

        Carlos Vargas-Gutierrez appeals his 108-month sentence, imposed after he

pled guilty to conspiracy to distribute at least 500 grams of methamphetamine, in

violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). On appeal, Vargas-Gutierrez challenges the district court's denial of a minor-role reduction.[1] After careful review, we affirm.

"The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir. 2005) (internal quotation marks and citation omitted). "[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "[T]he ultimate determination of role in the offense is also a fundamentally factual determination entitled to due deference and not a legal conclusion subject to de novo review." Id. at 938. The defendant has the burden of establishing his minor role in the offense by a preponderance of the evidence. Id. at 939.

The Sentencing Guidelines permit a two-point decrease of a defendant's offense level if the court finds the defendant was a "minor participant" in the crime. U.S.S.G § 3B1.2(b). To determine whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from

_____

[1] In its brief, the government argues that this Court lacks jurisdiction based on the appeal-waiver provision in Vargas-Gutierrez's plea agreement. We previously rejected this exact argument twice, when we denied the government's motion to dismiss and when we denied its motion for reconsideration.

2

the Guidelines: [1], the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, [2], [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. In looking to relevant conduct, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. "In making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings." Id. at 939. "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. at 945 (emphasis in original).

Vargas-Gutierrez argues that he is entitled to a minor-role reduction because his only role in the conspiracy consisted of introducing one of his co-defendants to a drug supplier. As the district court acknowledged, however, Vargas-Gutierrez and one of his co-defendants who cooperated prior to Vargas-Gutierrez's cooperation provided conflicting stories concerning co-defendant Gerardo Torres-Lugo's participation in the conspiracy. The earlier cooperating co-defendant

3

immediately upon arrest identified Torres-Lugo as the supplier, while Vargas-Gutierrez waited over four months to reveal the existence of a different person.

Vargas-Gutierrez argues the district court accorded too much weight to the timing of his cooperation with the government's investigation. We disagree. From our review of the sentencing transcript, it is clear that Vargas-Gutierrez simply did not meet his burden to establish by a preponderance of the evidence his minor role in the offense. The district court highlighted the conflicting versions of events and concluded that "something doesn't fit well" with Vargas-Gutierrez's version. On this record, we cannot say the district court clearly erred by denying a minor-role reduction.

**AFFIRMED.**